5/24



STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

FILED
MAR 08 2016
In The Office of the
Court Clerk RHONDA HALL

| | |
|---|---|
| HARRY AND/OR TAMMY TARVER, Individually and as Personal Representatives of the ESTATE OF TRAVIS SCOTT TARVER, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; TRW VEHICLE SAFETY SYSTEMS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CJ-2016-279<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION

**COMES NOW** the Plaintiffs HARRY AND/OR TAMMY TARVER, Individually, and as Personal Representatives of the ESTATE OF TRAVIS SCOTT TARVER and for their causes of action against the Defendants FORD MOTOR COMPANY, a Delaware corporation (hereinafter referred to as "Ford") and TRW VEHICLE SAFETY SYSTEMS, INC. (hereinafter referred to as "TRW"), allege and state as follows:

1. Plaintiffs HARRY AND/OR TAMMY TARVER, Individually and as Personal Representatives of the ESTATE OF TRAVIS SCOTT TARVER, Deceased, (hereinafter referred to as "Tarver") are residents of Cleveland County, State of Oklahoma, and did so reside at all times pertinent to the incidents herein.

2. Plaintiff's Decedent was a resident of Cleveland County at the time of his death.

3. Defendant Ford is a Delaware corporation which may be served as a foreign corporation in care of its registered service agent, The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128, and whose business is the research, designing, developing, and

1

Exhibit 1

distribution of vehicles such as the Ford F-150 pickup, which is the subject matter of this litigation (hereinafter referred to as "F-150"), which was sold in Oklahoma.

4. At all times material hereto, Defendant TRW Vehicle Safety Systems, Inc., is a corporation organized under Delaware law, which does business in the State of Oklahoma, including Cleveland County.

5. The accident which is the subject of this litigation occurred in Dewey County, Oklahoma.

6. Venue is proper pursuant to 12 O.S. 187.

7. On or about the 10th day of November, 2014, Plaintiffs' decedent Travis Scott Tarver was driving on State Highway 270, in or near the City of Seiling, Oklahoma. At approximately 4:49 p.m., about 2 miles southeast of the intersection of State Highway 270 and County Road N2330, when the F-150 driven by Plaintiffs' decedent Travis Scott Tarver was came over a hill, and saw an 18-wheeler stopped in the roadway. Travis Scott Tarver attempted to go around the stopped 18-Wheeler and lost control of the F-150. The F-150 rolled-over and during the course of the roll, the seat broke from the floor of the vehicle, the seatbelt was torn, and Travis Scott Tarver was ejected. As a result, Travis Scott Tarver was killed.

8. The F-150 caused and/or contributed to the Plaintiffs' decedent's death. Prior to the 10th day of November, 2014, Defendant Ford manufactured and placed in the stream of commerce the 2002 Ford F-150 pickup truck, bearing vehicle identification number 1FTRF18LX2KB06392 (hereinafter referred to as the "Subject Vehicle"). At the time the Subject Vehicle was manufactured and placed in the stream of commerce, the Subject Vehicle and its component parts were defective and unreasonably dangerous.

9. A partial, non-exclusive, summary of defects and hazards present in such vehicle

when it was manufactured and placed in the stream of commerce includes, but is not limited to, the following:

      a. Lack of adequate passenger restraint system;
      b. Defectively designed seat belt and restraint system;
      c. Absence of adequate crashworthiness protection;
      d. Defective seats and seat brackets; and
      e. Defective floor.

10. The vehicle and its component parts designed, manufactured and placed in the stream of commerce by Defendant Ford were unreasonably dangerous beyond the contemplation of the ordinary consumer.

11. Defendant Ford failed to provide adequate warnings and instruction related to the usage of the vehicle prior to sale at the time of sale, and post sale. The warnings were inadequate to warn and instruct operators.

12. Defendant Ford manufactured and placed in the stream of commerce the Subject Vehicle with the components in question. The passenger restraint system, seat belt, crashworthiness protection system, seat, seat brackets, and floor at the time manufactured and placed in the stream of commerce were defective and unreasonably dangerous. The defective nature of the passenger restraint system, seat belt, crashworthiness protection system, seat, seat brackets, and floor was a proximate cause of the death described herein.

13. When the F-150 belonging to Plaintiffs' decedent, Travis Scott Tarver, was designed and manufactured by Ford, and at the time of the accident, it was defective and unsafe and imminently dangerous to human life and limb, and was at all times unsafe and inherently dangerous.

14. When Ford made the sale and delivery of said vehicle, they knew, or should have known, that the vehicle in question was defective, dangerous, and unsafe; and Ford knew that said

condition was imminently dangerous to life and limb, if and when used for the purpose for which it was promoted, sold and delivered, including but not limited to its use as a passenger vehicle.

15. The F-150 was defective, in that the vehicle's passenger restraint system, seat belt, crashworthiness protection system, seat, seat brackets, and floor failed to protect the Plaintiffs' decedent, despite such person reasonably relying upon the safety of the vehicle.

16. The training and the service manuals of Ford fail to adequately warn its dealers of the risks involved in failure to note problems such as those in the F-150.

17. Defendant Ford failed and neglected, at the time of said sale or at any time thereafter, to inform or notify the buyer or at any time thereafter, to inform or notify the Plaintiffs of the defective and unsafe condition but, on the contrary, falsely represented that the F-150 was in all respects, safe for use in the manner for which it was designed, manufactured and sold and for which it would be used by the general public.

18. At no time did Plaintiffs or Plaintiffs' decedent, the purchasers of the F-150, know or have reason to suspect that it was dangerous for any person driving or riding therein.

19. As a direct and proximate result of the defective condition of the F-150, Plaintiffs suffered damages as enumerated above.

20. Defendant Ford, by and through the sale of the F-150 and its components as discussed herein, expressly and impliedly warranted to the public generally, Travis Scott Tarver specifically, that the truck and its components were fit for the purposes for which they were intended. Travis Scott Tarver made use of the products as alleged herein and relied on Defendant's express and implied warranties.

21. Defendant Ford breached their express and implied warranties, and such breach was a producing cause of the occurrence in question. Further, Defendant Ford's breach of

4

warranties rendered the Subject Vehicle unreasonably dangerous and was a proximate cause and producing cause of the occurrence in question and the resulting fatal injuries to Travis Scott Tarver. Finally, Defendant Ford's conduct was done knowingly.

22. Defendant Ford willfully disregarded public safety in its design and manufacture of the Subject Vehicle. Ford was grossly negligent in its design, manufacture, testing and in the warnings communicated to users, such that Plaintiffs are entitled to exemplary damages.

23. TRW designed, manufactured and placed in the stream of commerce the seatbelt system in 2002 F-150. TRW is jointly responsible with Ford for placing in the stream of commerce such defective safety equipment

24. As a result of the actions of the Defendants, and each of them, Plaintiffs have incurred damages on behalf of herself as an individual and as Personal Representative of the ESTATE OF TRAVIS SCOTT TARVER for the following items:

    a. The loss of financial support of contributions of money to the parents of decent;

    b. The grief of the parents of decedent;

    c. The loss of the companionship of decedent by his parents;

    d. The pain and suffering of decedent;

    e. The medical and burial expenses.

25. The actions of the Defendants, and each of them, were of such gross neglect or of such a reckless disregard for the safety of public in general, and these Plaintiffs in particular, so as to subject them to the imposition of punitive or exemplary damages to punish or make an example of each Defendant in a sum in excess of $50,000.00 each.

**WHEREFORE**, Plaintiffs HARRY AND/OR TAMMY TARVER, Individually and as Personal Representatives of the ESTATE OF TRAVIS SCOTT TARVER, Deceased, prays for

judgment against the Defendants, jointly and severally, as set forth above, as well as costs of this suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Richard L. Denney

Richard L. Denney, OBA No. 2297
Lydia JoAnn Barrett, OBA No. 11670
Jason E. Robinson, OBA No. 22289
DENNEY & BARRETT, P.C.
870 Copperfield Drive
Norman, OK 73072
Phone: 405-364-8600
Fax: 405-364-3980
Email: rdenney@dennbarr.com
       lbarrett@dennbarr.com
       jrobinson@dennbarr.com

and

Jay Self, Esq.
SELF & ASSOCIATES
8720 S. Penn, Suite A
Oklahoma City, OK 73159
Tel: 405-685-2111
Cell: 405-627-7536
Email: Jself@aol.com

ATTORNEYS FOR PLAINTIFFS

**JURY TRIAL DEMANDED**